IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WAGGONER EQUIPMENT RENTALS, LLC,

    Plaintiff,

vs.                                   No.  3:15-cv-737-DRH-PMF

RITCHIE BROS. AUCTIONEERS
(AMERICA) INC. and DAKOTA
SANDBLAST & PAINT, LLC,

    Defendants.

## ORDER

**HERNDON, District Judge:**

In removing this action, defendant relies on 28 U.S.C 1332 (diversity jurisdiction). In reviewing the complaint and the notice of removal, the Court finds that it is obligated to, *sua sponte*, raise the issue of subject matter jurisdiction.

Section 1332 requires, *inter alia*, complete diversity between the parties. Complete diversity means "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't. Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted).

A corporation is a citizen both of the state in which it is incorporated and the state in which it maintains its principal place of business, 28 U.S.C. § 1332(c)(1).

As to limited liability companies, the Seventh Circuit has made abundantly clear that parties must allege the citizenship of all the members of a limited liability company through all the layers of ownership until the Court reaches only individual human beings and corporations to adequately allege citizenship of such entities. *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003) (stating, "[w]e have explained that the 'citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' ") (quoting *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002)). Thus, a federal court must know each member's citizenship, and if necessary, each member's members' citizenship.

In the instant case, neither the complaint nor the notice of removal specify the citizenship of the members of Waggoner Equipment Rentals, LLC or Dakota Sandblast Paint, LLC. Accordingly, the Court cannot adequately assess the presence of diversity jurisdiction.

The removing party bears the burden of establishing federal jurisdiction. *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). The removal statute, 28 U.S.C. § 1441, is construed narrowly and doubts concerning removal are resolved in favor of remand. *Id*.

In light of the above, the removing defendant, Ritchie Bros. Auctioneers (America) Inc., is **DIRECTED** to file a responsive brief, on or before **August 10, 2015**, establishing the citizenship of each member of the named limited liability

companies. Defendant's failure to file an adequate responsive brief shall result in remand of this action.

**IT IS SO ORDERED.**

**Signed this 9th day of July, 2015**

Digitally signed by David R. Herndon
Date: 2015.07.09 15:51:03 -05'00'

**United States District Court**